UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVELYN FRANK,
an individual,

      Plaintiff,

v.

ACCOUNTS RECEIVABLE MANAGEMENT, INC.,
a Florida corporation,

      Defendant.
_____/

Case No.:

COMPLAINT AND DEMAND FOR A JURY TRIAL
(Unlawful Debt Collection Practices)

## COMPLAINT

### I. INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and the Florida Consumer Collections Practices Act, Fla. Stat. § 559.55 *et seq.* (hereinafter, "FCCPA"), which prohibits debt collectors and persons, respectively, from engaging in abusive, deceptive, and unfair collection practices.

### II. JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k (d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, EVELYN FRANK (hereinafter "Plaintiff"), is a natural person residing in Pinellas County, Florida.

4. Defendant, ACCOUNTS RECEIVABLE MANAGEMENT, INC. (hereinafter "Defendant"), is a Florida business corporation engaged in the business of collecting debts in Florida with its principal place of business located at 3400 Lakeside Drive, Miramar, FL 33027. Defendant's principal purpose is the collection of debts using telephone and mail, and Defendant regularly attempts to collect debts alleged to be due another.

5. At all times herein, Defendant attempted to collect debt arising from medical services rendered by Morton Plant Hospital (hereinafter "Morton Plant"), referenced by account numbers 2653024-1, 2653025-1 and 2688742-1 (hereinafter collectively "the Debt"). The Debt was incurred primarily for personal, household or family use.

6. At all times herein, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7. At all times herein, Defendant is a "debt collector" as defined by Fla. Stat. § 559.55.

8. At all times herein, Defendant is a "person" pursuant to Fla. Stat. § 559.72. *See* Schauer v. General Motors Acceptance Corp., 819 So. 2d 809 (Fla. 4th DCA 2002).

9. At all times herein, the Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. FACTUAL ALLEGATIONS

10. The Plaintiff retained Leavengood & Nash on or about November 21, 2006 with regard to her debts generally, including the Debt.

11. On October 31, 2007, attorney Ian R. Leavengood, filed a Voluntary Chapter 7 Bankruptcy Petition in the Middle District of Florida, Tampa Division on behalf of the Plaintiff (hereinafter "Bankruptcy Case").

12. On or about November 1, 2007, Deputy Clerk of the Bankruptcy Court, Joseph Speetjens, declared under the penalties of perjury that he served Notice of Plaintiff's Bankruptcy Case, Meeting of Creditors, and Deadlines ("Meeting of Creditors"), on Morton Plant, providing Morton Plant with actual notice of undersigned counsel's representation with regard to the Debt, as well as actual notice of Plaintiff's Bankruptcy Case and the stay of creditors pursuant to 11 U.S.C. § 362 (hereinafter "Automatic Stay").

13. On December 6, 2007, Plaintiff's meeting of creditors was held and concluded. No Morton Plant representative attended the Meeting of Creditors to inquire about the Debt, nor did Morton Plant object to the discharge of the Debt.

14. On February 5, 2008, the Plaintiff was granted a discharge of the Plaintiff's Bankruptcy Case under section 727 of Title 11, United States Code (hereinafter "Discharge"). Please see attached a true and correct copy of the Discharge labeled Exhibits "A1-A3."

15. Morton Plant referred the Debt to Defendant in its attempts to collect the Debt after receiving actual notice of undersigned counsel's representation with regard to the Debt and after receiving notice of Plaintiff's Discharge.

16. Notwithstanding the Discharge of the Debt, on or about September 16, 2009, Defendant mailed a form collection letter with regard to the August 14, 2007 date of service (hereinafter "8/14/2007 Collection Letter") to the Plaintiff, at her home, in an attempt to collect the Debt. Defendant's 8/14/2007 Collection Letter stated that the Plaintiff owed $362.60 for services rendered on August 14, 2007, listed "Mease Dunedin" as the creditor, and requested

immediate payment. Please see attached a true and correct copy of the 8/14/2007 Collection Letter labeled Exhibit "B."

17. The 8/14/2007 Collection Letter advised the Plaintiff that the letter was a "formal demand for the balance" and failure to pay would "leave [Defendant] with no alternative than to advise our [Morton Plant] to proceed within their rights in securing a settlement."

18. Notwithstanding the Discharge of the Debt, on or about September 16, 2009, Defendant mailed a form collection letter with regard to the September 18, 2007 date of service (hereinafter "9/18/2007 Collection Letter") to the Plaintiff, at her home, in an attempt to collect the Debt. Defendant's 9/18/2007 Collection Letter stated that the Plaintiff owed $170.00 for services rendered on September 18, 2007, listed "Mease Dunedin" as the creditor, and requested immediate payment. Please see attached a true and correct copy of the 9/18/2007 Collection Letter labeled Exhibit "C."

19. The 9/18/2007 Collection Letter advised the Plaintiff that the letter was a "formal demand for the balance" and failure to pay would "leave [Defendant] with no alternative than to advise [Morton Plant] to proceed within their rights in securing a settlement."

20. Notwithstanding the Discharge of the Debt, on or about September 16, 2009, Defendant mailed a form collection letter with regard to the October 26, 2007 date of service (hereinafter "10/26/2007 Collection Letter") to the Plaintiff, at her home, in an attempt to collect the Debt. Defendant's 10/26/2007 Collection Letter stated that the Plaintiff owed $371.90 for services rendered on October 26, 2007, listed "Mease Dunedin" as the creditor, and requested immediate payment. Please see attached a true and correct copy of the 10/26/2007 Collection Letter labeled Exhibit "D."

21. The 10/26/2007 Collection Letter advised the Plaintiff that the letter was a

"formal demand for the balance" and failure to pay would "leave [Defendant] with no alternative than to advise [Morton Plant] to proceed within their rights in securing a settlement."

22. The 10/26/2007 Collection Letter was signed by Defendant's agent or representative "Mr. Brock," and listed the name of the company as "A.R.M., Inc."

23. The Plaintiff has retained Leavengood & Nash for the purpose of pursuing this matter against the Defendant and is obligated to pay her attorneys a reasonable fee for their services.

24. As of the date of this complaint, the Defendant has not initiated a law suit in an effort to collect the debt allegedly owed. Likewise, no final judgment regarding the debt allegedly owed has been obtained by, or transferred to, the Defendant.

## V. FIRST CLAIM FOR RELIEF

25. Plaintiff repeats and realleges and incorporates by reference paragraphs one (1) through twenty-four (24) above.

26. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) The Defendant has violated the provisions of 15 U.S.C. § 1692e(2)(A) by falsely representing the character of the Debt. Specifically, Defendant represented to Plaintiff via its collection letters that the Debt was still owed by Plaintiff and collectable in spite of Plaintiff's Bankruptcy Case and Discharge.

(b) The Defendant and has violated the provisions of 15 U.S.C. § 1692e(14) by using a business, company or organization name other than Defendant's true name. Specifically, the collection letters sent by Defendant listed "A.R.M., Inc." as the name of Plaintiff's correspondent rather than Defendant's true name.

(c) The Defendant has violated the provisions of 15 U.S.C. § 1692d(6) by consistently contacting Plaintiff without meaningful, truthful disclosure of its identity. Specifically, Defendant only ever identified itself to Plaintiff in its written communications as "A.R.M., Inc.," rather than by its true name.

(d) The Defendant has violated the provisions of 15 U.S.C. § 1692g(a)(3) by failing to send a written notice to Plaintiff within five days of Defendant's initial communication that contained a statement that unless the Plaintiff, within thirty days after receipt of the notice, disputed the validity of the Debt, or any portion thereof, the Debt would be assumed to be valid by Defendant.

(e) The Defendant has violated the provisions of 15 U.S.C. § 1692g(a)(4) by failing to send a written notice to Plaintiff within five days of Defendant's initial communication that contained a statement that if Plaintiff notified Defendant in writing within the thirty-day period that the Debt, or any portion thereof, was disputed, Defendant would obtain verification of the Debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment will be mailed to Plaintiff by Defendant.

(f) The Defendant has violated the provisions of 15 U.S.C. § 1692g(a)(5) by failing to send a written notice to Plaintiff within five days of Defendant's initial communication that contained a statement that, upon the Plaintiff's written request within the thirty-day period, the Defendant would provide the Plaintiff with the name and address of the original creditor, if different from the current creditor.

27. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages, attorneys' fees and costs.

## VI. SECOND CLAIM FOR RELIEF

28. Plaintiff repeats and realleges and incorporates by reference paragraphs one (1) through twenty-four (24) above.

29. Defendant violated the FCCPA. Defendant's violations of the FCCPA include, but are not limited to, the following:

(a) The Defendant has violated provisions of Florida Statute § 559.72(7) by collecting consumer Debts from the Plaintiff through means which can reasonably be expected to abuse or harass the Plaintiff. Specifically, Defendant knowingly and willfully attempted to collect the Debt from Plaintiff notwithstanding the Debt being discharged.

(b) The Defendant has violated provisions of Florida Statute § 559.72(9) by attempting to collect the Debt with knowledge that the Debt is not legitimate and was Discharged in Plaintiff's Bankruptcy Case. As such, Defendant asserted the existence of the legal right to the Debt with the knowledge that the right does not exist.

30. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt allegedly owed.

31. As a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## VII. THIRD CLAIM FOR RELIEF

32. The Plaintiff re-alleges paragraphs one (1) through twenty-four (24) as if fully restated herein and further state as follows:

33. Unless the Defendant is immediately enjoined from continuing to attempt to collect the Debt from Plaintiff, Plaintiff will suffer irreparable injury.

34. Plaintiff has no adequate remedy at law.

35. Plaintiff has a clear legal right to the protections of the FCCPA as provided under Fla. Stat. § 559.55 *et seq.*, and the FDCPA as provided under 15 U.S.C. § 1692 *et seq.*

36. The requested injunction is reasonably necessary to protect the legal rights of Plaintiff and will have no adverse effect on the public welfare.

**WHEREFORE,** the Plaintiff requests this Court enter a judgment for Declaratory and Injunctive Relief against Defendant and such other equitable relief this Court deems appropriate.

## DEMAND FOR JURY TRIAL

37. Please take notice that Plaintiff demands trial by jury in this action.

Respectfully Submitted,

**LEAVENGOOD & NASH**

**Ian R. Leavengood, Esq. FBN 10167**
**Christopher C. Dyer, Esq. FBN 68674**
ileavengood@leavenlaw.com
cdyer@leavenlaw.com
2958 First Avenue North
St. Petersburg, FL 33713
Phone: (727) 327-3328
Fax: (727) 327-3305
Attorneys for Plaintiff